**No. 65141.**—Arnart Imports, Inc., et al. *v.* United States, protests 59/26724, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, FEBRUARY 7, 1961

**No. 65142.**—Ringler-Dorin, Inc. *v.* United States, protest 60/6273 (New York).

Opinion by LAWRENCE, J.   There being nothing before the court tending in any way to overcome the presumption of correctness attaching to the classification by the collector, the protest was overruled.

**No. 65143.**—Rohner Gehrig & Co., Inc. *v.* United States, protest 60/6737 (New York).

Opinion by LAWRENCE, J.   There being nothing before the court tending in any way to overcome the presumption of correctness attaching to the classification by the collector, the protest was overruled.

BEFORE THE THIRD DIVISION, FEBRUARY 7, 1961

**No. 65144.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 58/16949 (New York).

Opinion by JOHNSON, J.   It was stipulated that if the certificate of exportation had been filed prior to the liquidation of the entry or the expiration of the collector's review period provided for in section 515, the merchandise would have been liquidated free of duty under paragraph 1615, as amended, *supra*.   In view of the stipulation and following Abstract 47521, the claim of the plaintiff was sustained.